IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

VANLEN PRESTON, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.: CV612-100
:
:
STANLY WILLIAMS, Warden, :
:
    Defendant. :

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff states that Defendant Williams and Brian Owens, the Commissioner of the Georgia Department of Corrections, were "aware of the high incidents of violence [at] Smith [State Prison] yet did not [e]nforce the [necessary] action to [alleviate] the problem." (Doc. No. 9, p. 1). To the extent Plaintiff wishes to assert a widespread abuse claim against Defendant Williams and Commissioner Owens, he cannot do so for two (2) reasons. First, Plaintiff's allegations in this regard are conclusory, which is an insufficient basis for liability under 42 U.S.C. § 1983. "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft

AO 72A
(Rev. 8/82)

v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678. Secondly, Plaintiff notes one (1) example of a violent incident; one alleged instance of violence does not make a widespread abuse claim.

Plaintiff also attempts to name Sergeant Catanzariti and Officer Farrell, the two (2) officers who escorted Plaintiff out of the recreation yard, as defendants. The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective

2

knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

There is no assertion before the Court which supports a plausible finding that Sergeant Catanzariti and Officer Farrell were aware of a risk to Plaintiff's safety and that they disregarded that risk. Even assuming that officials should have known that Plaintiff faced a risk to his safety, there is no allegation before the Court that these officials did know of this risk. The Eleventh Circuit Court of Appeals has made it clear that "a state official acts with deliberate indifference when he disregards a risk of harm of which he is *actually aware*." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (emphasis in original) (citing Farmer, 511 U.S. at 836). Plaintiff cannot sustain a claim against Sergeant Catanzariti or Officer Farrell.

The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Plaintiff's Complaint is **DISMISSED** based on his

3

failure to state a claim upon which relief may be granted. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this _30_ day of _Jan._, 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA